UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| MARKEILA ROBINSON, individually and | * | CIVIL ACTION NO.: |
| on behalf of others similarly situated | * | |
| | * | |
| VERSUS | * | |
| | * | |
| ASSURED COMMUNITY SERVICES, LLC, | * | |
| LAQUANA RICHMOND and | * | |
| ANTHONY BARNES | * | |

************************************************************************

## COMPLAINT – COLLECTIVE AND CLASS ACTION

Plaintiff, Markeila Robinson, individually and on behalf of all other similarly situated current and former peer support specialists of Defendants, brings this collective and class action against Defendants, Assured Community Services, LLC, Laquana Richmond and Anthony Barnes, and alleges as follows:

### I.      JURISDICTION

1.      Plaintiff brings claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.* to recover unpaid overtime compensation and straight time wages under §16(b) of the FLSA. This Court has jurisdiction under 28 U.S.C. §1331.

2.      Plaintiff also brings claims for violation of the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. Ann. §§95-25.1, *et seq.,* and state law remedies of breach of contract and unjust enrichment to recover unpaid overtime and unpaid wages for off-the-clock work, including but not limited to, time spent traveling between clients, attending mandatory meetings and training, and scheduling appointments.  This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367(a) for these state law claims because they arise out of the same nucleus of operative facts as the FLSA claims.

## II.    VENUE

3.    Venue is proper in this District as Defendants conducted business in the Western District Division and a substantial part of the events giving rise the claims occurred in this District.

4.    Furthermore, Defendant Assured Community Services, LLC's principal office is located in Charlotte, North Carolina, and it has two other offices in Graham and Winston-Salem, North Carolina.

## III.    PARTIES

5.    Plaintiff, Markeila Robinson, is domiciled in Guilford County, State of North Carolina, and was employed by Defendants from approximately August 2021 until May 2022 as a peer support specialist who provided mental health support to Defendants' clients.  Plaintiff's hours varied from week to week but she regularly worked more than forty (40) hours a week.

6.    Plaintiff has consented to filing the instant action. (Exhibit "A").

7.    Defendant Assured Community Services, LLC (hereinafter referred to as "Assured Community Services") is a North Carolina company with its principal place of business located at 6047 Tyvola Glen Circle, Suite 111, Charlotte, North Carolina 28217.

8.    Upon information and belief, Defendant Laquana Richmond (hereinafter referred to as "Richmond") is an individual domiciled in Lee County, North Carolina.  She is a manager, owner and the Chief Operating Officer of Assured Community Services.

9.    Upon information and belief, Defendant Anthony Barnes (hereinafter referred to as "Barnes") is an individual domiciled in Mecklenburg County, North Carolina.  He is a manager, owner and Chief Executive Officer of Assured Community Services.

10.    Defendants employed Plaintiff and participated directly in employment decisions regarding Plaintiff's rights for which she seeks redress in this case.

2

## IV.    FACTS

11.    Defendants operate a mental health support agency with offices in Graham, Charlotte and Winston-Salem, North Carolina.

12.    Plaintiff and the collective and class members were/are employed by Defendants as peer support specialists who provide support to Defendants' clients.

13.    In an effort to avoid their obligations under the FLSA and the NCWHA, Defendants misclassified Plaintiff and similarly situated peer support specialists as independent contractors.

14.    Defendants required, and continue to require, these workers to perform off-the-clock, unpaid work including, but not limited to, traveling between clients, attending meetings and training, and scheduling appointments.

15.    Plaintiff's hours varied from week to week during her employment with Defendants, but she regularly worked more than forty (40) hours in a workweek.

16.    For example, during the two-week pay period ending April 10, 2022, Plaintiff worked one hundred (100) hours providing peer support services.  She was paid straight time for one hundred (100) hours but was not paid an overtime premium for the hours she worked over forty (40) in the workweek, nor was she compensated for her travel time between Defendants' clients, and scheduling efforts.

17.    Upon information and belief, the collective and class members were also regularly scheduled to and did work more than forty (40) hours in a workweek.

18.    Defendants misclassified peer support specialists as independent contractors when in fact, they were employees under the FLSA and NCWHA.

19.     The class and collective members, including Plaintiff, all of whom were misclassified as independent contractors, were required to comply with Defendants' policies and procedures which were set forth in written company policies.

20.     Plaintiff and the collective and class members were required to attend mandatory meetings and training without compensation.

21.     Numerous documents and policies provided to Plaintiff and the collective and class members referred to the misclassified peer support specialists as employees.

22.     The class and collective members, including Plaintiff were supervised by employees of Defendants and were subject to discipline.

23.     The class and collective members, including Plaintiff, received all assignments from Defendants and they relied on Defendants for their work assignments.

24.     Defendants advertised and posted job openings on social media and labor sites for peer support specialists who were eventually assigned work by Defendants.

25.     Defendants directed the work of Plaintiff and all peer support specialists and provided substantial oversight of their activities.

26.     The work performed by Plaintiff and the collective and class members was integral to Defendants' business.   Without their work, Defendants could not have performed their contracted responsibilities for their clients.

27.      Defendants profited directly from the work performed by Plaintiff and the collective and class members.

28.     Plaintiff and the collective and class members could not negotiate their compensation with Defendants' clients and they did not share in the profits.

29.     Plaintiff and the collective and class members were economically dependent on Defendants and were not in business for themselves.

30.     Defendants paid Plaintiff and the class and collective members, all of whom were by the hour and paid straight time. Defendants did not pay an overtime premium for hours worked over forty (40) in a workweek.

31.     Defendants did not pay Plaintiff and the class and collective members any wages for off-the-clock work including, but not limited to, travel time between Defendants' clients, scheduling, and attending training and meetings.

32.     Plaintiff's and the class and collective members' required travel between Defendants' clients was all in a day's work and thus, compensable under the FLSA, NCWHA, and North Carolina state law. *See:* USDOL Fact Sheet #22: Hours Worked Under the Fair Labor Standards Act (FLSA), available at https://www.dol.gov/sites/dolgov/files/WHD/legacy/files/whdfs22.pdf.

33.     The training and attendance at meetings were mandatory, outside of normal hours, job related and no other work was being performed at the time, and was thus compensable under the FLSA, NCWHA and North Carolina state law. *See:* USDOL Fact Sheet #22: Hours Worked Under the Fair Labor Standards Act (FLSA), available at https://www.dol.gov/sites/dolgov/files/WHD/legacy/files/whdfs22.pdf.

34.     Plaintiff is aware of other current and former employees of Defendants who were subject to the same payroll practice.

## V.     COLLECTIVE AND CLASS ACTION DEFINITIONS

35.     The collective of similarly situated individuals sought to be certified under 29 U.S.C. § 216(b) as a collective action for purposes of determining whether such individuals were

misclassified as independent contractors and entitled to unpaid overtime for all hours worked over forty (40) in a workweek and unpaid straight time for off-the-clock work in weeks where overtime is owed while so classified, is defined as:

> All peer support specialists who performed work for Assured Community Services, LLC as an independent contractor at any time since three (3) years prior to filing of this Complaint.

36. This collective is referred to as the "FLSA Collective."

37. The class of similarly situated workers sought to be certified under Rule 23 for state law claims for straight time and overtime wages is defined as:

> All peer support specialists who have performed work for Assured Community Services, LLC in the State of North Carolina at any time since two (2) years prior to filing of this Complaint.

38. This Rule 23 class is referred to as the "Rule 23 Class."

## VI. COVERAGE UNDER THE FLSA AND NCWHA

39. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

40. At all times hereinafter mentioned, Defendants are and have been employers within the meaning of 29 U.S.C. §203(d).

41. At all times hereinafter mentioned, Defendants are and have been an enterprise within the meaning of 29 U.S.C. §203(r).

42. At all pertinent times, Defendants have been an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of 29 U.S.C. §203(s)(1).

43. Defendants have had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

6

44. At all times hereinafter mentioned, Plaintiff, and all those similarly situated, were individual employees engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207.

45. Assured Community Services, Plaintiff and the class and collective members used cell phones, computers and other materials that were manufactured or sold in other states, ordered and used materials and supplies by mail, phone, the internet or fax from outside of the state, accepted payments of checks, credit cards and other forms of payments for services through interstate banks and financial institutions, and Assured Community Services provided its employees with paychecks by electronic deposit, all of which constitute interstate commerce.

46. At all times hereinafter mentioned, Defendants are and have been employers within the meaning of Section 95-25.2(5) of the NCWHA, N.C. Gen. Stat. §95-25.2(5).

47. At all times hereinafter mentioned, Plaintiff and Rule 23 Class members are/were employees withing the meaning of Section 95-25.2(5) of the NCWHA, N.C. Gen. Stat. §95-25.2(5).

## VII. VIOLATION OF THE FAIR LABOR STANDARDS ACT
### (FLSA Collective)

48. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

49. Pursuant to the FLSA, 29 U.S.C. §207, employers are generally required to pay overtime compensation at an hourly rate of 150% of an employee's regular rate of pay for hours worked over forty (40) in a workweek.

50. Plaintiff and the collective members are not exempt from the overtime requirements of the FLSA.

7

51.     Plaintiff and the collective members were not compensated in accordance with the FLSA because they were not paid overtime wages for all hours worked over forty (40) hours in a workweek for all weeks.

52.     Defendants misclassified Plaintiff and the FLSA Collective as independent contractors in an effort to deprive them of wages and overtime compensation.

53.     Furthermore, Defendants did not include off-the-clock work, including but not limited to, the time spent traveling between Defendants' clients, scheduling, training and attending meetings, in the calculation of overtime compensation for Plaintiff and members of both the FLSA Collective.

54.     Defendants further violated the FLSA by failing to pay straight time for all off-the-clock hours Plaintiff and the class and collective members worked in weeks where they worked in excess of forty (40) hours. Plaintiffs and the class and collective members are entitled to receive overtime gap pay under the FLSA.

55.     Defendants knowingly, willfully, or in reckless disregard of the law, maintained an illegal practice of misclassifying Plaintiff and the FLSA Collective members as independent contractors and failing to pay overtime compensation for all hours worked over forty (40) in workweek, including off-the-clock work.

56.     Defendants knowingly, willfully, or in reckless disregard of the law, maintained an illegal practice of not paying all overtime compensation owed to Plaintiff and the FLSA Collective members including off-the-clock work.

### VIII.   VIOLATION OF THE NORTH CAROLINA WAGE AND HOUR ACT
(Rule 23 Class)

57.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

58. Defendants failed to pay all earned wages in violation of N.C. Gen. Stat. Ann. § 95-25.6, and overtime wages in violation of N.C. Gen. Stat. Ann. § 95-25.4.

59. In the event the FLSA does not apply, and as an alternative thereto, Plaintiff, individually and on behalf of the Rule 23 Class members, seeks payment of unpaid overtime wages and straight time wages including those associated with off-the-clock work.

60. Pursuant to the N.C. Gen. Stat. Ann. § 95-25.4, employers are generally required to pay overtime compensation at an hourly rate of 150% of an employee's regular rate of pay for hours worked over forty (40) in a workweek.

61. Plaintiff and the Rule 23 Class members are not exempt from the overtime requirements of the NCWHA.

62. Plaintiff and the Rule 23 Class members were not compensated in accordance with the NCWHA because they were not paid overtime wages for all hours worked over forty (40) hours in a workweek for all weeks.

63. Further, Defendants did not consider off-the-clock work performed by the Rule 23 Class members as hours worked, failed to pay straight time for such hours, and failed to include the off-the-clock hours in the calculation of overtime wages.

64. The NCWHA requires employers to pay non-exempt employees one and a half times the regular rate of pay for all hours worked over forty (40) hours in a workweek, including off-the-clock time. N.C. Gen. Stat. Ann. § 95-25.4.

65. Defendants suffered and permitted Plaintiff and the Rule 23 Class members to routinely work more than forty (40) hours in a workweek without proper overtime compensation as required by the NCWHA.

66. Defendants knew, or showed reckless disregard for the fact that they permitted Plaintiff and the Rule 23 Class members to wok off-the-clock, and further failed to pay these individuals proper overtime compensation for such activities in violation of the NCWHA.

67. Defendants' failure to comply with the NCWHA caused Plaintiff and the Rule 23 Class to suffer lost wages and interest thereon.

68. In the event the FLSA does not apply, Plaintiff and the Rule 23 Class are entitled to all unpaid wages, overtime compensation, liquidated damages, interest, and attorney fees and costs under the NCWHA.

## IX.   BREACH OF CONTRACT
### (Rule 23 Class)

69. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

70. Defendants hired Plaintiff and the Rule 23 Class members as peer support specialists with the promise to pay wages for all hours worked.

71. Plaintiff and the Rule 23 Class members were promised "an hourly wage. . . ., to be paid in bi-weekly pay-periods for all hours worked, with evaluations and/or rate increases and potential bonuses as deemed appropriate; said amount to be determined in the sole discretion of the Employer [Assured Community Services]."

72. Plaintiff and the Rule 23 Class members accepted Defendants' offer of employment and began working for Defendants, creating a valid employment contract.

73. Throughout their employment with Defendants, Plaintiff and the Rule 23 Class members performed all of the work required by Defendants, including the off-the-clock work described above. In performing this work, Plaintiff and the Rule 23 Class members fulfilled all of their duties under the employment contract.

10

74.     However, throughout their entire employment, Defendants repeatedly and systemically breached the employment contract by not paying Plaintiff and the Rule 23 Class members their hourly rate of pay for the off-the-clock work described above.  This failure to pay Plaintiff and the Rule 23 Class members for each hour of work performed as peer support specialists was a material breach of the contract by Defendants.

75.     As a result of Defendants' breach, Plaintiff and the Rule 23 Class members were deprived of wages owed to them under the employment contract.

76.     Upon information and belief, all of the Rule 23 Class members have a similar valid employment contract with Defendants.

77.     Plaintiff and the Rule 23 Class members are owed wages at their contractual hourly rate for all time worked on behalf of Defendants.

## X.      UNJUST ENRICHMENT
### (Rule 23 Class)

78.      Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

79.     This Count is pled in the alternative of the breach of contract claim, pursuant to Fed. R. Civ. P. 8(d)(2),(3).

80.     By not paying Plaintiff and the Rule 23 Class members the agreed upon hourly wage for all work they performed, Defendants were unjustly enriched.

81.     Plaintiff and the Rule 23 Class members performed off-the-clock work at the request of and without objection by Defendants.

82.     A measurable benefit was conferred on Defendants by their acceptance of Plaintiff's and the Rule 23 Class members' performance of the off-the-clock work and Defendants' failure to pay all of the wages owed to them.

83. The off-the-clock work performed by Plaintiff and the Rule 23 Class members was mandatory, enabling Defendants to derive the benefit of such work without having to pay Plaintiff and the Rule 23 Class members the work that they performed.

84. Defendants knew of the benefit that Plaintiff's and the Rule 23 Class members' off-the-clock work conveyed to them and Defendants consciously accepted it.

85. Plaintiff and the Rule 23 Class members did not confer the benefits received by Defendants officiously or gratuitously, but rather performed the work because it was essential to their job duties as peer support specialists, and they expected to be paid for such work at their regular hourly rates of pay.

86. Defendants' retention of the money owed to Plaintiff and the Rule 23 Class members is inequitable because Defendants benefited from the off-the-clock work without having paid for it, and Plaintiff and the Rule 23 Class members were denied the opportunity to maximize their earnings because their time went unpaid.

87. Plaintiff and the Rule 23 Class members could have used the money owed to them to support themselves and their families, but were denied the opportunity to do so due to Defendants' inequitable conduct.

88. Due to the time value of money, these inequities are exacerbated by time.

89. Plaintiff and the Rule 23 Class members suffered detriment due to Defendants' failure to compensate them for the off-the-clock work described herein in that Plaintiff and the Rule 23 Class members were deprived of the ability to utilize that time, effort and their resources in a profitable manner.

90. As a direct and proximate result of Defendants' actions, Plaintiff and every other Rule 23 Class member suffered damages, including but not limited to, loss of wages.

## XI. COLLECTIVE ALLEGATIONS

91.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

92.     Plaintiff files this action on behalf of herself and the FLSA Collectives as defined above.

93.     Defendants' practice and policy of misclassifying Plaintiff and the FLSA Collective members as independent contractors and not paying overtime and gap time affects Plaintiff and the FLSA Collective members and was a willful violation of the FLSA.

94.     Furthermore, Defendants' practice and policy of not paying overtime for all hours worked over forty (40) in a workweek including off-the-clock work, affects Plaintiff and the FLSA Collective members and is a willful violation of the FLSA.

95.     The FLSA Collective members are all victims of Defendants' unlawful compensation practices and are similarly situated to Plaintiff in terms of job duties, pay and employment practices.

96.     Defendants' failure to pay overtime compensation and gap time as required by the FLSA results from a generally applicable, systematic policy and practice and is not dependent on the personal circumstances of any individual employee. Thus, Plaintiff is similarly situated to the members of the FLSA Collective.

97.     The specific job titles or precise job requirements of the collective members do not prevent collective treatment under the FLSA. All FLSA Collective members, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek at the overtime rate. Although the issue of

13

damages may be individual in character, there is no detraction from the common nucleus of liability facts.

## XII.    CLASS ACTION ALLEGATIONS

98.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

99.    Plaintiff files this action on behalf of herself and the Rule 23 Class as defined above.

100.    Defendants' practice and policy of refusing to pay Plaintiff and the Rule 23 Class members overtime, including associated off-the-clock work, affected Plaintiff and the Rule 23 Class members and was a willful violation of the NCWHA.

101.    Furthermore, the Rule 23 Class members share the same claims and interests as Plaintiff as all were denied the payment of wages for off-the-clock work including but not limited to the time spent traveling between Defendants' clients, scheduling appointments with Defendants' clients, training and attending meetings.

102.    Members of the Rule 23 Class are victims of Defendants' unlawful compensation practices and are similarly situated to Plaintiff in terms of job duties, pay and employment practices.

103.    Defendants' failure to pay overtime as required by the NCWHA and failure to pay the agreed upon regular hourly rate for off-the-clock work, result from generally applicable, systematic policies and practices and are not dependent on the personal circumstances of any individual employee. Thus, Plaintiff is similarly situated with the members of the Rule 23 Class.

104.    The specific job titles or precise job requirements of the class members do not prevent class treatment under Rule 23. All employees, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated for all hours worked including overtime.

14

Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

105.    Plaintiff shares the same interests as the Rule 23 Class and will be entitled to unpaid straight time wages, unpaid overtime compensation in the event the FLSA does not apply, liquidated damages, attorneys' fees and costs, and lost interest owed to them under nearly identical factual and legal standards as the Rule 23 Class.

106.    Plaintiff's state law claims satisfy the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of a class action under Fed. R. Civ. P. 23.

107.    The class meets the numerosity requirement of Rule 23(a)(1) because Defendants have employed numerous peer support specialists in the state of North Carolina while requiring them to work overtime and off-the-clock without proper compensation. The precise number of class members should be readily available from a review of Defendants' personnel, scheduling, time, payroll, and billing records, and from input received from the class members.

108.    Upon information and belief, Defendants have employed over fifty (50) peer support specialists during the class period.

109.    The class meets the commonality requirement of Rule 23(a)(2) because Defendants engaged in a common course of conduct that violated the legal rights of Plaintiff and the class members. Any individual questions that Plaintiff's claims present will be far less central to this litigation than the numerous material questions of law and fact common to the class, including, but not limited to:

   a.    Whether Defendants misclassified Plaintiff and the Rule 23 Class members as
          independent contractors;

15

b.      Whether Defendants maintained common policies or practices that denied Plaintiff and Rule 23 Class members overtime wages;

c.      Whether Defendants maintained common policies or practices that denied Plaintiff and Rule 23 Class members wages for off-the-clock work;

d.      The actual day-to-day duties of peer support specialists;

e.      Whether Defendants required peer support specialist to attend meetings;

f.      Whether Defendants required peer support specialists to attend training;

g.      Whether Defendants required peer support specialists to complete client notes;

h.      Whether peer support specialists were required to follow Defendants' policy and procedures;

i.      Whether Defendants failed to compensate peer support specialists for off-the-clock work;

j.      In the event the FLSA does not apply, whether Defendants violated the NCWHA by not paying Plaintiff and the Rule 23 Class members overtime wages;

k.      Whether Defendants breached their employment contracts with Plaintiff and the Rule 23 Class members;

l.      Whether Defendants' conduct was willful;

m.      Whether Defendants were unjust enriched through their actions; and

n.      Whether Defendants should be required to pay compensatory damages, liquidated damages, attorneys' fees and costs, and interest for violating North Carolina state law.

16

110.    The class meets the typicality requirement of Rule 23(a)(3) because Plaintiff and the Rule 23 Class members were all employees of Defendants and performed their job duties without receiving entitled compensation owed for that work.

111.    The class meets the fair and adequate protection requirement of Rule 23(a)(4) because there is no apparent conflict of interest between Plaintiff and the Rule 23 Class members, and because Plaintiff's attorneys have successfully prosecuted many complex class actions, including wage and hour and collective actions, and will adequately represent the interest of Plaintiff and the Rule 23 Class members.

112.    The class meets the predominance requirement of Rule 23(b)(3) because issues common to the class predominate over any questions affecting only individual members, including, but not limited to, whether Defendants calculated the class members' compensation under the same formula in the same way.

113.    The class meets the superiority requirement of Rule 23(b)(3) because allowing the parties to resolve this controversy through a class action would permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort, or expense that numerous individual actions would engender.

114.    Given the material similarity of the class members' claims, even if each class member could afford to litigate a separate claim, this Court should not countenance or require the filings of numerous identical actions. Individual litigation of the legal and factual issues raised by Defendants' conduct would cause unavoidable delay, a significant duplication of efforts, and an extreme waste of resources. Alternatively, proceeding by way of a class action would permit the

efficient supervision of the class claims, create significant economies of scale for the Court and parties, and result in a binding, uniform adjudication on all issues.

115.     Defendants knowingly, willfully, or in reckless disregard of the law, maintained illegal practices of misclassifying Plaintiff and the members of the Rule 23 Class members and failing to pay them all wages owed for the work performed including overtime compensation.

### XIII.   JOINT EMPLOYER ALLEGATIONS

116.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

117.     At all times pertinent hereto, specifically including the collective and class periods, Defendants, Richmond and Barnes, were owners, managers and/or executive officers of Assured Community Services.

118.     Defendants Richmond and Barnes exercised supervisory and managerial responsibilities, and substantial control over the terms and conditions of Plaintiff and the collective and class members' work including, but not limited to, assigning clients, classifying them as independent contractors, and hiring, firing and disciplining workers.

119.     Defendants Richmond and Barnes were actively involved in managing the operations of Assured Community Services.

120.     Further, Defendants Richmond and Barnes are or were solely and jointly responsible for the administration of the business affairs of Assured Community Services and exercised complete control over the work situation and conditions of its employees.

121.     Defendants Richmond and Barnes are jointly and solely responsible for the payroll practices of Assured Community Services including, but not limited to, the payroll practices complained of herein.

18

122. Defendants Richmond and Barnes were and are vested with authority to, and actually acted directly or indirectly for, and had operational control over the business activities of Assured Community Services, including managerial responsibilities for all aspects of operations and its employees.

123. Defendants Richmond and Barnes had the authority to stop any illegal pay practices that harmed Plaintiff and similarly situated employees.

124. Accordingly, Defendants Richmond and Barnes are "employers" under the FLSA and the NCWHA, and as such, are jointly and severally liable for damages for their failure to comply with the FLSA and the NCWHA including all damages claimed herein.

## RELIEF SOUGHT

**WHEREFORE**, Plaintiff, individually, and on behalf of the FLSA Collective members, prays for judgment in her favor and against Defendants as follows:

1. For an Order recognizing this proceeding as a collective action under § 216(b) of the FLSA, and ordering notice to the collective members at the earliest opportunity to ensure the collective members' claims are not lost to the FLSA statute of limitations;

2. For an Order finding Defendants liable for unpaid overtime and gap time wages, and for liquidated damages equal in amount to the unpaid compensation;

3. For an Order finding Richmond and Barnes are joint employers with Assured Community Services;

4. For an award of costs of this action as provided under the FLSA;

5. For an award of attorneys' fees as provided under the FLSA;

6. For an award of pre- and post-judgment interest; and

7. For any and all other and further relief as may be necessary and appropriate.

19

**WHEREFORE**, Plaintiff, individually, and on behalf of the Rule 23 Class members, further prays for judgment in her favor and against Defendants as follows:

1.     For an Order certifying this action as a class action under Rule 23 and designating Plaintiff as the class representative and undersigned as class counsel;

2.     For an Order finding Defendants liable for unpaid wages, including overtime, due to Plaintiff and the Rule 23 Class members, and for liquidated damages equal in amount to the unpaid compensation under the NCWHA;

3.     For an Order finding Richmond and Barnes are joint employers with Assured Community Services;

4.     For an award of costs of this action as provided;

5.     For an award of attorneys' fees;

6.     For an award of pre- and post-judgment interest; and

7.     For any and all other and further relief as may be necessary and appropriate.

### JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully Submitted:

By: _/s/ Brian L. Kinsley_

Brian L. Kinsley (N.C. Bar Roll No. 38683)
blkinsley@crumleyroberts.com
CRUMLEY ROBERTS, LLP
2400 Freeman Mill Road, Suite 200
Greensboro, NC 27406
Telephone: 336-333-9899
Facsimile: 336-333-9894

20

Philip Bohrer (to be admitted pro hac vice)
*phil@bohrerbrady.com*
Scott E. Brady (to be admitted pro hac vice)
*scott@bohrerbrady.com*
BOHRER BRADY, LLC
8712 Jefferson Highway, Suite B
Baton Rouge, Louisiana 70809
Telephone: (225) 925-5297
Facsimile: (225) 231-7000